IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RHONDA MOORE,

      Plaintiff,

      v.

CITY OF ROSWELL, GEORGIA and
RANDY KNIGHTON, in his official
capacity only as City Administrator of
Roswell, Georgia,

      Defendants.

**Civil Action File No.**

## COMPLAINT

Rhonda Moore ("Ms. Moore") files this complaint against the above-named Defendants as follows.

1.    This is a complaint for violation of Ms. Moore's rights under the First and Fourteenth Amendments to the United States Constitution, as they apply to local governmental entities via the Fourteenth Amendment and 42 U.S.C. Section 1983.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter because the claims asserted in this lawsuit arise under federal law.

3.   Venue is proper in this Court because the events giving rise to Ms. Moore's claims occurred within this judicial district.

## PARTIES

4.   Ms. Moore is a resident and citizen of the State of Georgia and submits to the jurisdiction of this Court.

5.   Defendant City of Roswell, Georgia ("Roswell") is a municipality located in Fulton County, Georgia.

6.   Defendant Randy Knighton is Roswell's current City Administrator.  Mr. Knighton is sued in his official capacity only for the purpose of implementing any prospective injunctive relief granted to Ms. Moore.

## FACTUAL ALLEGATIONS

7.   Ms. Moore was employed by the Roswell Police Department (the "Department") from August 4, 2014 until her termination on September 11, 2020.

8.   On or about June 13, 2020, the Department learned that Ms. Moore posted certain images to her personal Facebook page on or about June 11, 2020. True and accurate depictions of the Facebook posts made by Ms. Moore are attached hereto as Exhibit 1.

9.   The Department deemed Ms. Moore's Facebook posts to be potentially racially offensive.   Therefore, after learning of the posts, the Department placed Ms. Moore on administrative leave with pay beginning June 16, 2020.

10.   The Department conducted an investigation of Ms. Moore's Facebook posts, which resulted in a formal investigatory report dated July 1, 2020.  A true and accurate copy of the Department's investigatory report is attached hereto as Exhibit 2.

11.   According to the report, the Department's investigation concluded that Ms. Moore's Facebook posts violated several Roswell and Department policies, including Roswell's policy 2.19.4 regarding "Employee Social Media Use," the Department's policy 45.2 regarding employee use of social media and the internet, and the Department's "conduct unbecoming" policy, 16.82.

12.   These policies are set forth in the investigatory report as follows:

***CITY OF ROSWELL HUMAN RESOURCES POLICIES AND PROCEDURES***
**2.19.4 Employee Personal Social Media Use**
> *It is essential for every employee of the City of Roswell to recognize that the proper functioning of any government agency relies upon the public's confidence and trust in the individual employees and the City of Roswell to carry out the public function. Therefore, any matter which brings individual employees or the City of Roswell into disrepute has the corresponding effect of reducing public confidence and trust in the City, thus, impeding the ability to work with and serve the public.*

***DEPARTMENT POLICY AND PROCEDURES MANUAL SECTIONS:***
**Section 45.2 Department Internet/Social Media Policy**
> *The unique responsibilities and public trust afforded employees of the Roswell Police Department require that the use of good judgment, decency, and common sense in professional and personal public actions that reflect on the Department. The Department is responsible for establishing standards of conduct and for the oversight of such actions.*

**Section 16.82 Conduct Unbecoming – On/Off Duty Conduct**
> *Engaging in conduct on or off duty which adversely affects the efficiency of the Department, and has a tendency to destroy public respect for the employee or the Department, or destroys confidence in the operation of the City service is conduct unbecoming and is prohibited.*

13.     Based on the findings and conclusions of the Department's investigation, on July 16, 2020, Roswell Police Chief James Conroy ("Conroy") demoted Ms. Moore from Senior Communications Officer to Communications Officer.

14.     Following her demotion, Ms. Moore returned to work from administrative leave on or about July 16, 2020.

15.     Section 2.2.2 of the Roswell, Georgia Code of Ordinances provides as follows:

The employment practices of the City of Roswell shall be set forth in a document known as the City of Roswell Personnel Manual. The manual shall be maintained by the director of human resources and updated on a regular basis to reflect changes in federal, state or local law. The director of human resources, the city attorney, the city administrator, or any member of the administration and Finance and Recreation and Parks Committee may initiate changes to the personnel manual. Substantive changes shall require the approval of mayor and council and shall be adopted by resolution.

16.  A true and accurate copy of Roswell's Personnel Manual is attached hereto as Exhibit 3 (the "Personnel Manual").

17.  Pursuant to Section 13.5 of the Personnel Manual, Ms. Moore appealed her demotion to Roswell's Director of Human Resources, Jim Harner ("Harner").

18.  Harner upheld Ms. Moore's demotion.

19.  Pursuant to Sections 13.6 and 13.8 of the Personnel Manual, Ms. Moore next appealed her demotion to Gary Palmer ("Palmer"), the Roswell City Administrator.

20.  Palmer did not uphold Ms. Moore's demotion.  Rather, he terminated Ms. Moore's employment effective September 11, 2020.

21.  Palmer terminated Ms. Moore due to her Facebook posts and for no other reason.

22.  Section 13.8.3 of the Personnel Manual provides as follows:

If the case is deemed appealable, the City Administrator will review all documents forwarded to her/him by the Director of Human Resources. There will be no meeting with the appellant unless specifically requested by the City

Administrator.  The City Administrator will ordinarily render a decision within fifteen (15) calendar days of receipt of the documents forwarded to her/him.  The City Administrator will inform the employee of her/his decision in writing and will forward a copy of the decision to the Director of Human Resources.  The decision of the City Administrator will be the final decision on behalf of the City.

23.   Ms. Moore's Facebook posts were made to her private Facebook page and were only viewable by individuals who were her "friends" on Facebook.  The posts were therefore not viewable by other Facebook users or the general public.

24.   Ms. Moore's Facebook page did not identify her as an employee of the Department or Roswell.

25.   Ms. Moore's Facebook posts were not affiliated with or related to Roswell in any manner.

26.   Ms. Moore's Facebook posts caused no internal disruption within the Department.

27.   Ms. Moore's Facebook posts did not affect her ability to work with or get along with her coworkers.

28.   After returning to work on July 16, 2020 and continuing through her termination on September 11, 2020, Ms. Moore successfully performed all duties and responsibilities of her position.  Her Facebook posts had no impact on her ability to perform her job or interact with her coworkers.

## SUBSTANTIVE CLAIMS

## COUNT 1

**Failure to Provide Fair Notice of Prohibited Speech
in Violation of the First Amendment to the United States Constitution**

29.   The First and Fourteenth Amendments to the United States Constitution, via 42 U.S.C. Section 1983, require municipalities like Defendant to provide fair notice to employees whether certain speech will result in disciplinary actions.

30.   The Department and Roswell policies under which Defendant disciplined Ms. Moore did not provide fair notice to Ms. Moore that her Facebook posts would cause her demotion or the termination of her employment.

31.   Because the Department and Roswell policies under which Defendant disciplined Ms. Moore did not provide her fair notice that her speech would result in her demotion or termination, such policies are unconstitutionally vague as applied to Ms. Moore.

32.   Defendant violated Ms. Moore's rights under the First and Fourteenth Amendments to the United States Constitution by terminating her employment based on policies that are unconstitutionally vague because they did not provide Ms. Moore fair notice that her speech was prohibited.

## COUNT 2

### Failure to Provide Fair Notice of Prohibited Speech
in Violation of the Due Process Clause of the Fourteenth Amendment to the
United States Constitution

33.     The Due Process Clause of the Fourteenth Amendment to the United States

Constitution, via 42 U.S.C. Section 1983, requires municipalities like

Defendant to provide fair notice to employees whether certain speech will

result in disciplinary actions.

34.     The Department and Roswell policies under which Defendant disciplined Ms.

Moore did not provide fair notice to Ms. Moore that her Facebook posts would

cause her demotion or the termination of her employment.

35.     Because the Department and Roswell policies under which Defendant

disciplined Ms. Moore did not provide her fair notice that her speech would

result in her demotion or termination, such policies are unconstitutionally

vague as applied to Ms. Moore.

36.     Defendant violated Ms. Moore's right to due process under the Fourteenth

Amendment to the United States Constitution by terminating her employment

based on policies that are unconstitutionally vague because they did not

provide Ms. Moore fair notice that her speech was prohibited.

## COUNT 3

### Wrongful Termination in Violation of the Right to Free Speech under the First Amendment to the United States Constitution

37.   The First and Fourteenth Amendments to the United States Constitution, via 42 U.S.C. Section 1983, prohibit municipalities like Defendant from terminating an employee for their constitutionally-protected speech.

38.   Ms. Moore's Facebook posts were constitutionally-protected free speech, as they were public speech on a matter of public concern.

39.   Defendants violated Ms. Moore's right to free speech under the First and Fourteenth Amendments by demoting her and terminating her employment due to her Facebook posts.

40.   Defendant is liable for violating Ms. Moore's above-described constitutional rights under 42 U.S.C. Section 1983 because Palmer had final policymaking authority for Roswell with respect to Ms. Moore's termination.

41.   Defendant is liable for all economic and non-economic damages caused by its violation of Ms. Moore's above-described constitutional rights.

Based on the above, Ms. Moore requests a jury trial on all triable issues and the following relief:

a.   Back pay to the date of her termination, including her lost salary and other benefits related to employment;

b.  Reinstatement into her position with the Department with the same position and salary, adjusted for any post-termination raises Ms. Moore would have received had she not been terminated;

c.  If reinstatement is not possible, Ms. Moore requests front pay;

d.  Compensatory damages for emotional pain and suffering;

e.  Attorneys' fees and costs of litigation;

f.  Pre- and post-judgment interest;

g.  An order requiring that Defendant redraft its employment policies so Roswell employees are provided fair notice of what speech will result in disciplinary actions against them; and

h.  Such other relief as the Court deems proper.

Respectfully submitted on June 9, 2022.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com